Hurlbut, J.,
rendered the opinion of the court.
This action was begun June 13, 1910, by Wm. B. Milliken, plaintiff in error (plaintiff below), against Gilbert R. Neil (defendant). The case was tried to the court without a jury, and judgment rendered in favor of defendant.
This action grows out of a written contract dated March 1, 1910, executed by thé respective parties to the action. It appears from the pleadings and evidence that plaintiff Mil-liken owned certain lots in the town of Cripple Creek, and defendant Neil a 10-acre tract of orchard land in the vicinity of Grand Junction; that they agreed to make exchange of their properties, which was done; that some weeks thereafter plaintiff brought this suit to rescind the contract, and secure a reconveyance of the property which he had deeded to defendant thereunder; that the written contract recited there was a mortgage (which plaintiff assumed), of $3,000 *546 upon defendant’s ten-acre tract, $2,000 of which was payable in 1912 and the remainder in 1913; and that before the contract was finally consummated plaintiff was informed and had knowledge that the $2,000 was in fact due and payable about May 31, 1910.
Both from the record and plaintiff’s brief, we are persuaded that but one controlling question need be considered by this court, in order to dispose of this appeal, and that is: Did plaintiff Milliken waive the condition in the contract, to the effect that $2,000 of the $3,000 mortgage indebtedness on defendant Neil’s ten-acre tract, became due and payable in 1912, by delivering deed of his property to Neil, accepting Neil’s deed to the ten-acre tract, and taking possession thereof, after he had received full knowledge of the real date of maturity of said $2,000 ?
There is ample documentary evidence and testimony in the record to sustain the judgment upon the theory of waiver, as well as upon the theory of plaintiff’s ratification of all acts on the part of his attorney Mr. McMullin, and attorney in fact G. M. Milliken. Issues upon both questions were formed by the pleadings. The following is in brief some of the evidence upon those points:
On March 14, 1910, plaintiff,, from Tonopah, Nevada, mailed a letter (enclosing contract), to his attorney McMullin, reciting therein that he had wired his (plaintiff’s) brother to prepare and send deeds for plaintiff to execute, to Neil; also requesting McMullin to assist in examining title, and making out such deeds, and to take charge of the Neil land. On the same date, the law firm of McMullin & Sternberg mailed a letter from Grand Junction to plaintiff at Denver, therein passing favorably on the title to the Neil land, and specifically notifying him that $2,075 of the mortgage indebtedness would become payable on May 31, 1910. April 9, 1910, McMullin mailed a letter from Grand Junction to plaintiff at Denver, stating that he had that day closed the deal with Neil, and recorded the deed from him to *547 plaintiff, and also stating again that the $2,075 of the mortgage indebtedness would be due about June 1, 1910. In answer to this letter, plaintiff on April 17, 1910, wrote Mc-Mullin from Denver stating “I approve of all you have done, and I thank you for your trouble;” also empowering him to make and sign a lease to the man then in possession of the Neil tract. Between April 17th and May 13th, 1910, a number of other letters passed between plaintiff and Mc-Mullin, pertaining to the ten-acre tract, its crop conditions. the acts and doings of tne tenant, etc., but containing therein no suggestion on trie part of plaintiff that he was dissatisfied with the things done for him under the contract by his brother and McMullin, or that the contract had not been complied with on Neil’s part. In a letter of May 13, 1910, we find the first evidence of complaint on plaintiff’s part that the contract had been violated and that his representatives had failed to enforce a literal complaince with the contract on Neil’s part.
Decided July 17, A. D. 1915.
Rehearing denied July 26, A .D. 1915.
In addition to the foregoing mentioned letters, witnesses for the respective parties gave testimony upon the issues involved, and, upon such testimony and the correspondence in evidence, the trial judge found the issues in favor of defendant, and rendered judgment accordingly. Under the well known rule that the verdict or judgment of the lower court will not be disturbed on appeal when founded upon conflicting evidence, we must affirm the judgment, unless it affirmatively appears from the record that reversible error in the proceedings below has been committed. A careful examination of the record fails to disclose such error.

Judgment affirmed.