## No. 8735.

## MILLIKEN v. NEIL.

CONTRACTS—*Oral Waiver of Conditions.* One who waives the provisions of a written contract, and carries the same into execution, will not be heard to afterwards plead non-performance of the conditions so waived, as the ground of a prayer for rescission.

*Error to the Court of Appeals.*

MR. JOHN R. SMITH and Mr. H. B. WOODS, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THIS writ is to review a judgment of our Court of Appeals affirming a judgment of the District Court of Teller County. The action grows out of a written contract for an exchange of properties. The plaintiff in error, Milliken, who was plaintiff in the trial court, owned certain lots, etc., in Cripple Creek. The defendant, Neil, owned a ten-acre orchard near Grand Junction. Some weeks after the exchange of deeds as provided in the contract, and after each had taken possession, Milliken brought this suit to rescind and to secure a reconveyance. Trial was to the court, which resulted in a judgment for the defendant. This was affirmed by the Court of Appeals.

The contract for the exchange recites that there was a mortgage (which plaintiff assumed) of $3,000.00 upon the ten-acre tract, $2,000.00 of which the contract states was payable in 1912, and $1,000.00 in 1913. The contract also provided that the defendant was to pay all taxes upon the ten acres up to and including the year 1909. The defendant's deed to the plaintiff made the title subject to two trust deeds to secure a total of $3,075.00; also subject to the taxes for 1909; $2,075.00 of this indebtedness was due in May, 1910. The alleged grounds upon which plaintiff claims the right to rescind are, that the indebtedness which

the title was to be subject to was $75.00 more than the contract provided, and that $2,075.00 was due in 1910, whereas the contract provided that the first amount due was $2,000.00 in 1912. The defendant plead knowledge upon behalf of the plaintiff of the facts above outlined, at and prior to the exchange of deeds, and a waiver by plaintiff of the provisions of the contract pertaining to these differences, and that the deeds expressed the ultimate agreement between them, etc. This defense was sustained by the trial court and affirmed by the Court of Appeals. A careful examination of the record convinces us that there is competent testimony to sustain the finding. The evidence was commented upon at length by the Court of Appeals. *Milliken v. Neil,* 27 Colo. App. 545, 150 Pac. 326.

Counsel criticizes the opinion of the Court of Appeals because limited to a discussion of the testimony pertaining to the maturity of $2,075.00 of the indebtedness in 1910, when the contract provided that none of it was payable until 1912 and then only $2,000.00. In answer to this, it is sufficient to say that all the testimony applies alike to all three questions. They were all set forth in the deed different than in the contract. The testimony discloses that if the plaintiff waived one, he waived all three. Such was the holding. The only thing we might add, not mentioned by the Court of Appeals, would be that the testimony discloses, that shortly after this exchange there came a very heavy frost in the valley; that there had been no arrangements for the protection of this orchard by smudging; that upon account thereof the fruit crop for that year was ruined; that upon account of the general destruction of the fruit in that vicinity the prices of land had depreciated very much very suddenly; that thereafter the plaintiff secured the opinion of parties as to the value of this orchard, who placed it all out of proportion to that which had been fixed by other parties at his solicitation prior to his agreement to make the exchange. When the plaintiff's testimony is scrutinized, it leads one to conjecture whether these facts may not have been the controlling factor in his mind concerning his right to rescind, rather than that

he did not knowingly and willingly make the exchange upon the terms represented by the deeds as the ultimate contract between them.

The judgment of the Court of Appeals, as well as that of the District Court, is affirmed. A remittitur will issue direct to the District Court.

*Affirmed.*

Decision *en banc.*